**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Travis Dee PLUNK, Defendant-Appellant.**

No. 71–1421.

United States Court of Appeals, Sixth Circuit.

Feb. 25, 1972.

H. T. Etheridge, Jr., Jackson, Tenn. (Court-appointed), on brief, for defendant-appellant.

Robert F. Colvin, Memphis, Tenn., for plaintiff-appellee; Thomas F. Turley, Jr., U. S. Atty., Larry E. Parrish, David C. Porteous, Asst. U. S. Attys., Memphis, Tenn., on brief.

Before EDWARDS and CELEBREZZE, Circuit Judges, and KEITH,* District Judge.

PER CURIAM.

Appellant appeals from conviction for possessing and operating a still, in violation of 26 U.S.C. §§ 5601(a) (1) and 5601(a) (4) (1970).

On appeal appellant presents only one issue, namely, whether or not the District Court erred in allowing government witnesses to testify to initials which they had placed on a propane gas tank and on a tractor at the time they had seen these objects in the vicinity of a still which they had under surveillance. Subsequent to surveillances, government agents had secured an arrest warrant for defendant and a search warrant for his home. At trial, however, it was noted that the affidavit for the search warrant was dated March 20, 1970, whereas the warrant was actually procured and issued and dated March 12, 1970. On

---

* Honorable Damon J. Keith, United States District Judge for the Eastern District of Michigan, Southern Division, sitting by designation.

the basis of this error, the District Judge held the search warrant to be invalid, but he received in evidence an agent's identification of his initials on the gas tank and the tractor as of the time of the arrest of defendant, when these objects were in defendant's yard on the theory that the testimony was derived from "plain view." Coolidge v. New Hampshire, 403 U.S. 443, 468–473, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971).

Our review of this record indicates that there was more than sufficient evidence, totally unrelated to any search, for the jury to convict appellant of possessing and operating the still in question.

Further, the agent's testimony concerning the tractor and its prior use in the operation of the still, and the propane gas tank and its prior use in relation to the still, and the fact that both were indeed in plain view in defendant's yard was all obviously admissible.

Although no government appeal is brought to us from the District Court's invalidation of the search warrant, we observe that nothing in this record indicates any possibility of prejudice arising from the error in dating of the affidavit for the search warrant, nor (in the absence of briefing on this point) is there any explanation tendered for it except typographical error. Under these circumstances normally we would be inclined to apply the "commonsense and realistic" rule of United States v. Ventresca, 380 U.S. 102, 108, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965).

Since, however, this issue is not brought to us, we examine the record with the assumption that the search warrant was invalid and find real difficulty in holding that the agent's testimony concerning the existence of the initials on the gas tank and the tractor at the time he examined both in defendant's yard, could be justified under the "plain view" theory. In one instance he had to move the equipment; in the other instance he had to look underneath the tractor.

We are convinced, however, that on the total facts of this case, the admission of the testimony pertaining to the existence of the initials on the pieces of equipment (which were already identified as being in defendant's yard after they had been seen at the site of the still operation) was only a small bit of cumulative evidence of guilt. On this whole record we can say beyond reasonable doubt that if the admission of this evidence was error, it was harmless. Fed.R.Crim.P. 52(a); Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L. Ed.2d 705 (1967).

The judgment of the District Court is affirmed.